```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

         CASE NO. 09-61204-Civ-DIMITROULEAS/SNOW
```

STEPHEN A. KARAKIS,

    Plaintiff,

vs.

ARGENTINIAN GRILL, LLC.,
d/b/a ARGENTANGO GRILL,
and GREAT TEAM, LLC.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Verified Motion for Fees and Costs (Docket Entry 16), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

The complaint was filed on August 6, 2009, alleging violation of the Americans With Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12181, et seq. Service of process was effected on Argentinian Grill on August 20, 2009. (DE 6)[1]  Pursuant to a motion filed by the plaintiff, the Clerk of the Court entered a default against Argentinian Grill on September 24, 2009. (DE 8)

On September 30, the plaintiff filed a motion for entry of a default judgment against Argentinian Grill. (DE 9)  The Court ordered the defendant to show cause why the motion should not be

---

Service of process was effected on defendant Great Team, LLC, on December 1, 2009, and the defendant filed an answer to the complaint on December 10, 2009. (DE 18 and 20)

granted. (DE 10)  The plaintiff filed an acknowledgment of service, demonstrating that the Order to Show Cause had been served on Argentinian Grill. (DE 12)  However, the defendant did not respond to the Order to Show Cause.

On November 12, 2009, the Court entered a default judgment against Argentinian Grill, ordering the defendant to correct 12 violations of the ADA. (DE 14)  The plaintiff filed the instant motion for attorney's fees and costs on November 30, 2009. The motion is unopposed.

## II. RECOMMENDATIONS OF LAW

A.  Attorney's Fees

To recover attorney's fees under the ADA, a plaintiff must be a prevailing party.  42 U.S.C. § 12205; Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001).  A prevailing party is one who has achieved a judicially sanctioned material alteration of the legal relationship between the parties.  Barrios v. Cal. Interscholastic Federation, 277 F.3d 1128, 1136 (11th Cir. 2002), cert. denied, 537 U.S. 820 (2002); Roberson v. Guiliani, 346 F.3d 75 (2d Cir. 2003).  In the instant case, the Court has ordered the defendant to correct the violations of the ADA alleged in the complaint.  Accordingly, the plaintiff is the prevailing party.

Next the Court must determine the reasonable attorney's fee.

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value

> of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

<u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-434, 103 S.Ct.1933, 1939-40 (1983).

Counsel for the plaintiff seeks a fee award of $9,537.50 comprising 27.25 hours at a rate of $350.00 per hour, plus $1,150.00 for 10.0 hours by a paralegal at a rate of $115.00 per hour.  Counsel has provided the affidavit of Craig Michael Dorne, Esq., who states that the hourly rates for the attorney and the paralegal are within with the prevailing market rates in this legal community, and that the hours expended are reasonable.

The Court has reviewed the billings and notes that a number of the entries reflect work performed for the plaintiff's claim against Great Team, Inc., which is not a party to the default judgment and has filed an answer to the complaint. Specifically, without reference to any legal authority counsel has charged Argentinian Grill for repeated activities related to service of process on Great Team, LLC: 0.25 hours on September 11, 2009, for re-service of Great Team; 0.75 hours on September 18, 2009, for review of return of service on both defendants, 0.50 hours on September 21, 2009, for research regarding service on both

defendants, and 0.25 hours on November 5, 2009, for conferring with the paralegal about an investigation into the address of Great Team.

Additionally paralegal hours were billed for service on Great Team: 0.25 hours on September 11, 2009, for arranging for new service on Great Team; 0.25 on September 18, 2009, to review return of service on both defendants; 0.50 hours on September 21, 2009, to research the registered agent of Great Team; 0.50 hours on September 22, 2009, to confer with counsel regarding the motion for entry of default and an update on serving Great Team; 0.25 hours on October 28, 2009, conferring with the process server about service or Great Team; 0.25 hours on November 5, 2009, conferring with the new process server about an investigation of Great Team, and 0.25 hours on November 11, 2009, conferring with the new process server to pick up documents to serve on Great Team's new address.

The Court should reduce the time by all of the hours specifically identified as work related to Great Team, and by half of the hours where individual tasks for each defendant are lumped together in the billing (a total reduction of 1.0 attorney hours and 1.87 paralegal hours).  The Court should award attorney's fees in the amount of $9,187.50 (26.25 hours at a rate of $350.00 per hour) and paralegal fees in the amount of $934.95 (8.13 hours at a rate of $115.00 per hour).

B.  Costs

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit.  Rule 54(d) creates a presumption in favor of awarding costs, which the

4

opposing party must overcome.  Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

>  Taxable costs are identified in 28 U.S.C. § 1920:
>
>  (1) Fees of the clerk and marshal;
>
>  (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
>  (3) Fees and disbursements for printing and witnesses;
>
>  (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>  (5) Docket fees under section 1923 of this title;
>
>  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Pursuant to this statute, the plaintiff seeks the filing fee of $350.00, service of process on both Argentinian Grill, LLC, and Great Team, LLC, in the amount of $490.00. Counsel also seeks $2500.00 in costs for the pre-suit expert inspection of the premises, which is an allowable cost in an ADA case.  Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983).  The total bill of costs is $3,440.00.

The Court should reduce the amount for service of process by the cost of serving Great Team, Inc., which is not a party to the default judgment and has filed an answer to the complaint. Accordingly, the Court should reduce the bill of costs by $120.00 for three attempted services of process on Great Teams, LLC.  The Court should award costs in the amount of $3,320.00.

III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion for fees and costs be GRANTED in the amount of $9,187.50 for attorney's fees, $934.95 for paralegal fees and $3,320.00 for costs.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 29th day of December, 2009.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE


Copies to:

B. Bradley Weitz, Esq. (P)
kevin H. Fabrikant, Esq. (D- Great Team)